## No. 2562

### Second Circuit

---

## WILLER AND KERN v. WEBB

---

(April 10, 1926, Opinion and Decree.)
(May 7, 1926, Rehearing Refused.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Attachment—Par. 45, 98.**

A petition for an attachment which merely states the name of the defendant with the prefix "Mrs." does not necessarily indicate the legal status of that person or suggest a way that would make it necessary to dissolve the attachment.

2. **Louisiana Digest — Attachment — Par. 103; Pleading—Par. 55.**

An exception of verification is a dilatory exception under Act 228 of 1924 and cannot properly be considered a motion to dissolve an attachment.

3. **Louisiana Digest— Corporations — Par. 130, 133, 134.**

Section 16 of Act 267 of 1914 should be construed as vesting the same power in all the officers of the corporation who are considered as managing officers as are vested in the president and vice-president.

4. **Louisiana Digest—Attachment—Par. 61.**

The secretary or any other officer of a

corporation are competent sureties on an attachment bond made by the corporation.

**5. Louisiana Digest—Pleading—Par. 22.**

The plaintiff does not have to set forth the status of a woman defendant whether married or unmarried in his petition.

**6. Louisiana Digest—Evidence—Par. 58; Marriage—Par. 62.**

A married woman is given the right to appear in court and protect her interests whenever they are involved, but she cannot be relieved from proving the facts upon which her defense is based.

**7. Louisiana Digest—Marriage—Par. 58, 62.**

Under Article 25 of the Civil Code as amended by Act 219 of 1920, a married woman has the right to appear in her individual status in court, establish the fact of her marriage and protect her rights under the law.

Appeal from the City Court of the City of Shreveport, Caddo parish, Louisiana. Hon. David B. Samuel, Judge.

Action by Willer and Kern, Inc., against Mrs. Pearl Webb for merchandise purchased and writs of attachment and garnishment. Defendant moved to dissolve the attachment with damages. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Edward Barnett, of Shreveport, attorney for plaintiff, appellee.

Crow and Coleman, of Shreveport, attorneys for defendant, appellant.

WEBB, J.    The plaintiff, Miller and Kern, Inc., bring this action to recover judgment against defendant, Mrs. Pearl Webb, in the sum of three hundred dollars for goods, wares and merchandise alleged to have been sold to defendant, and, under appropriate allegations, obtained an order for writs of attachment and garnishment.

The defendant moved to dissolve the attachment, and claimed damages amounting to one hundred and fifty-five dollars.

We summarize the grounds upon which the motion to dissolve was based, as follows:

1. The petition failed to state a right or cause of action.

2. The petition is not verified in accordance with law.

3. The affidavit is insufficient to warrant the issuance of the writ of attachment.

4. The attachment bond is not such as is required by law.

The motion to dissolve was submitted and overruled, and the defendant, through counsel, moved for a new trial, alleging:

"That the defendant is a married woman, living under the regime of community of acquets and gains existing between her and her husband, T. L. Webb; that she is not separated from her husband either by judgment of divorce or judgment of separation from bed and board, neither is she separate in property either by marriage contract or by judgment of any court, and that the debt sued on by plaintiff herein was contracted under the community of acquets and gains and during the time when defendant was a married woman, whose husband was, and still is living and from whom she is not divorced and who is not made a party to plaintiff's suit, and that move is without capacity to stand in judgment herein."

The motion for a new trial being overruled, counsel for the parties signed an agreement which reads as follows:

"It is hereby agreed, by and between the attorneys for the plaintiff and the attorneys for the defendant in the above styled and numbered cause, that the exceptions of no cause of action and want of proper verification, and the motion for a new trial filed by the defendant, with her affidavit attached thereto, be taken and considered by the court as the answer of defendant; and it is further agreed that this cause be submitted to the courts, of both original and appellate jurisdiction, wholly and exclusively on the pleadings filed herein, namely: the petition of plaintiff, and the exceptions of no cause of action and want of proper verification and the motion and affidavit for a new trial thereon, filed by the defendant."

The case was submitted under the agreement and the court rendered judgment against the defendant for the amount claimed, sustained the writs of attachment and garnishment, and ordered the garnishee to pay over to plaintiff the amount admitted to be due, which amount was less than the amount of the judgment.

The defendant, Mrs. Pearl Webb, appealed.

### OPINION

We shall consider the case first as relates to the writ of attachment and motion to dissolve, and second on the merits.

### I.

### MOTION TO DISSOLVE ATTACHMENT

1. The petition failed to state a cause or right of action. The basis of this contention is that a married woman is not liable for the debts of the community, and that all debts contracted during the existence of the marriage are presumed to be community debts and therefore one who seeks to obtain judgment against a married woman for a debt, must allege facts which if true would render her liable, and that plaintiff having set forth the name of defendant as "Mrs." Pearl Webb it must be presumed she was a married woman, and no allegation being made which would render a married woman responsible for goods purchased by her, the petition fails to state a cause of action.

We are of the opinion the prefix "Mrs." does not necessarily indicate the legal status of the person designated to be such as to differentiate her liability from any other who may be alleged to have purchased merchandise, and the court would not have been warranted to refuse to issue the order for attachment on that ground, nor to have recalled it by dissolving the attachment, on the suggestion that the defendant was a married woman, which appears here to have been the only way in which the matter could have been called to his attention, as the motion to dissolve did not mention this circumstance.

2. The petition is not verified in accordance with law.

The suit is by a corporation alleged to be organized under the laws of this state; the petition is verified by the secretary, and the position taken by defendant is that, it not appearing from the petition or affidavit that the president was absent, or that the secretary was the managing officer, the verification was insufficient. Conceding the position taken to be true, the exception of verification is a dilatory exception, and if sustained would not necessarily cause the dismissal of the suit, but the court in such cases may in its discretion allow the verification to be amended (Act No. 228 of 1924) and hence we are of the opinion that the exception of want of verification cannot

be properly considered on a motion to dissolve.

3. The affidavit is insufficient to warrant the issuance of the writ of attachment.

The facts as shown by the pleadings, as to this, are stated above, and while this point as well as the preceding is not pressed on appeal, we understand the basis of the position is that the secretary is not alleged to be the agent of the company, and the law does not presume him to be the agent within the meaning of Article 244 of the Code of Practice.

Section 16 of Act No. 267 of 1914, provides that the president, vice-president or any manager of a corporation shall have the power to authorize the institution of suits, etc., to have conservatory writs issued, and sign bonds for the corporation, etc.

We are of the opinion that the law should not be construed as limiting the powers expressed to the president and vice-president, but that the statute should be construed as vesting the same power in all of the officers of the corporation who are considered under the law as managing officers of the corporation.

"The secretary is one of the general managing agents of the corporation, and when in the discharge of the duties of his office he represents the corporation itself."

Thompson, Corporations, 2nd ed., sec. 1505.

4. The attachment bond is not such as is required by law. This position was based, as we are informed, upon the theory that the secretary of a corporation is incompetent as a surety on a judicial bond executed by the corporation; but, it is not pressed here, and in a general way, the corporation being in law a distinct entity from any of the shareholders, or officers, we are of the opinion the secretary or other officer of the corporation would in this respect be a competent surety.

## II.

### MERITS

The grounds upon which the defendant bases her contention that the judgment was erroneous, is the presumption of the law that all purchases by the spouses made during the existence of the marriage are for the benefit of the community, and the obligations thus created are the debts of the community, for which the wife is not liable; contending that in order to hold a married woman liable for any debt created during the existence of the marriage, even by her purchases, the person seeking to hold her responsible must allege and prove facts which rebut the presumption of law or overcome it otherwise, such as fraud, etc., and as plaintiff in the present instance has alleged no fact which would rebut or overcome the presumption, and it appearing that she is a married woman, the court could not render judgment against her.

Since the change in the law by the amendment of Article 25 of the Civil Code which reads:

"Men and women are capable of all kinds of engagements and functions, except where the law decrees to the contrary, and unless disqualified by reasons and causes applying to particular individuals."

And the enactment of Act No. 219 of 1920, which reads:

"A married woman, whether a resident of this state or not, shall be competent

to contract debts, purchase, sell and mortgage, and to bind and obligate herself personally with reference to her separate and paraphernal property, and to appear in courts and to sue and be sued to the same extent and in the same manner as though she were a femme sole; provided that nothing herein contained shall be deemed or construed to authorize a married woman to contract with her husband, or to grant her the right to mortgage or pledge her separate and paraphernal property for the benefit of her husband, or to bind or obligate herself personally or as surety for her husband; and provided further that nothing herein contained shall be deemed or construed to affect in any way the statutes of this state establishing and regulating the matrimonial community of acquets and gains and prescribing what shall be deemed separate property of the spouses."

Married women may be said to have a dual legal status, that is, a married status, in which they are not sui juris, and an individual status in which they are sui juris, and it is sometimes difficult to determine in which status they appear, which difficulty is presented by the record in the present instance; as we find the defendant (who subsequently claimed that she was a married woman) appearing before the court in the motion to dissolve the attachment, and claiming damages for wrongful issuance of process, and on the merits appearing and asking the court to determine that she is a married woman and therefore not sui juris as to the claim made against her.

It appears to us that the defendant has in this case appeared in her individual status, and in such status she had the right to appear and establish the fact of her marriage from which the legal presumption flows, and that she may thus appear without the authorization of her husband or of the court, and thus by her answer it appears she admits the purchase by her of the commodities and undertakes by her plea to show merely that she was a married woman at the time of the purchase.

It appears from the briefs of counsel that they are not in accord as to the effect of their agreement; counsel for the defendant taking the view that at the time the court rendered judgment the marriage of the defendant had been established, while counsel for the plaintiff takes the view that no evidence was offered in support of the plea as to the alleged fact, and in this situation we look to the agreement.

We are of the opinion that the agreement does not show the defendant was admitted to be a married woman, and unless it be that, the court is without authority to render a judgment whenever it is suggested that one of the parties is not sui juris, we see no reason which would have authorized the court to have refused to render judgment.

We concede a married woman cannot be held responsible for the debts of the community, where the obligation does not arise under unusual circumstances, and also that a judgment which may be rendered against a married woman for a debt of the community may be different from that which might be rendered against a minor; but conceding that the judgment rendered against the defendant was for an obligation of the community and that it is res judicata, we are of the opinion the court had to render the judgment which it did, unless it be that in every case where a woman is sued the plaintiff must set forth her status, whether married or unmarried, which we are of the opinion is not the law.

Conceding that the right of a married woman to contract is the exception and

not the rule, yet she is given the right, as all other citizens are, to appear in court and protect her interests whenever they may be involved, and when she appears she must come in her individual status, and her pleadings are not to be differentiated from those of any other person, and when she appears to protect her rights she cannot be relieved of proving the facts upon which her defense is based.

For the reasons assigned, the judgment is affirmed.